UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TENLEY MCLAUGHLIN GOOD,

                Plaintiff,                Case No. 1:18-cv-11260
v.                                                    Hon. Thomas L. Ludington

BIOLIFE PLASMA SERVICES, L.P., et al.,

                Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE AND STRIKING
DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court pursuant to Plaintiff Tenley McLaughlin Good's Motion to Strike Defendants' Motion for Summary Judgment. ECF No. 118. For the reasons set forth below, Plaintiff's Motion to Strike will be granted, and Defendants' Motion for Summary Judgment will be struck for failure to comply with Local Rule 7.1(b)(2).

**I.**

On March 23, 2018, Plaintiff Tenley McLaughlin Good filed a complaint in Isabella County Circuit Court alleging medical malpractice and negligence by Defendants BioLife Plasma Services, L.P. and its parent company Shire Pharmaceuticals a/k/a Shire US, Inc. ECF No. 1 at PageID.11–12. The Complaint arises from an October 8, 2015 incident where Plaintiff lost consciousness while giving a capillary sample at Defendants' facility and was injured.[1] Defendants removed the case to federal court based on diversity jurisdiction on April 20, 2018. *Id.* at PageID.2. The parties submitted a joint stipulation dismissing Plaintiff's medical malpractice claim on August 20, 2019. ECF No. 35.

---

[1] The factual background of this case is discussed at length in this Court's order dated February 13, 2020. *See* ECF No. 91 at PageID.8873–79.

On August 14, 2019, Defendants filed a joint motion for summary judgment. ECF No. 32. On August 23, 2019, Plaintiff filed an amended motion for partial summary judgment. ECF No. 37. Timely response and reply briefs were filed. ECF Nos. 46, 49, 52, 53. On December 20, 2019, Defendants' Motion for Summary Judgment was denied in part as to their premises liability and assumption of the risk defenses. ECF No. 75. Supplemental briefing was directed on the elements of a general Michigan negligence claim and the application of Michigan comparative negligence law. *Id.* Supplemental briefing and responses were filed. ECF Nos. 76, 77, 78, 79, 80, 81.

On February 13, 2020, this Court issued an opinion and order granting Defendants' Motion for Summary Judgment, denying Plaintiff's Motion for Partial Summary Judgment, and denying all remaining motions as moot. ECF No. 91. On March 11, 2020, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Sixth Circuit. ECF No. 100. On November 5, 2020, the Court of Appeals reversed this Court's Opinion and Order and held that triable issues of fact precluded summary judgment on both Plaintiff's "negligent medical history" and "negligent positioning" theories. ECF No. 103.

Shortly after the mandate issued on December 15, 2020, Plaintiff filed a motion for a jury trial. ECF No. 105. Plaintiff's motion was granted, and the remaining dates in the case were rescheduled, with a new motion cutoff of May 4, 2021. ECF No. 109 at PageID.9025. Consistent with the new schedule, the parties filed numerous motions in limine on May 4, 2021. *See* ECF Nos. 111–16. Defendants also filed a second motion for summary judgment, without seeking or obtaining leave to do so. ECF No. 117. Plaintiff promptly moved to strike Defendants' Second Motion for Summary Judgment as filed in violation of the Local Rules. ECF No. 118.

**II.**

Local Rule 7.1(b)(2) provides, "A party must obtain leave of court to file more than one motion for summary judgment." E.D. Mich. L.R. 7.1(b)(2). Local rules have "the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010). "[T]he Court's inherent power to manage its docket includes the discretionary power to strike non-compliant documents." *Wicker v. Lawless*, 278 F. Supp. 3d 989, 1002 (S.D. Ohio 2017); *see also Setzer v. First Choice Lending Servs., LLC*, No. 18-5192, 2018 WL 7500477, at *2 (6th Cir. Sept. 10, 2018) (holding that "district court did not abuse its discretion" by striking motion filed in violation of local rules).

Defendants already filed a motion for summary judgment, ECF No. 32, which this Court granted, ECF No. 91. After summary judgment was reversed on appeal, Defendants filed another motion for summary judgment without seeking or obtaining leave from this Court. By doing so, Defendants violated Local Rule 7.1(b)(2)—a rule that goes unaddressed in their new Motion for Summary Judgment. *See* ECF No. 117. Defendants have not yet responded to Plaintiff's Motion to Strike, but given their clear violation of the Local Rules, there is no reason to delay the resolution of Plaintiff's Motion any longer.

**III.**

Accordingly, it is **ORDERED** that Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment, ECF No, 118, is **GRANTED**.

It is further **ORDERED** that Defendant's Second Motion for Summary Judgment, ECF No. 117, is hereby **STRUCK** for violating Local Rule 7.1(b)(2). Defendants may seek leave to file another motion for summary judgment.

Dated: May 10, 2021                                     s/Thomas L. Ludington  
                                                        THOMAS L. LUDINGTON  
                                                        United States District Judge